# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| TALEB JAWHER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-01134-HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of movant Taleb Jawher's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). For the reasons discussed below, the Court will dismiss the motion without prejudice as being prematurely filed.

## Background

Movant is a self-represented litigant who is currently incarcerated at the United States Penitentiary in Victorville, California. On November 15, 2017, he was indicted on a single count of possessing a firearm while being an alien illegally or unlawfully in the United States. *United States v. Jawher*, No. 4:17-cr-532-HEA-1 (E.D. Mo.). He pled guilty on May 7, 2018. On January 23, 2019, movant was sentenced to a term of 109 months' imprisonment and two years' supervised release. He subsequently filed a notice of appeal.

On February 24, 2020, the United States Court of Appeals for the Eighth Circuit vacated movant's plea and conviction based on the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). *United States v. Jawher*, No. 19-1276 (8th Cir. 2020). The Court of Appeals remanded the case for further proceedings.

Following remand, movant waived his right to a jury trial, and a bench trial was held on February 22, 2022. *United States v. Jawher*, No. 4:17-cr-532-HEA-1 (E.D. Mo.). The Court announced a guilty verdict on March 7, 2022. On August 12, 2022, movant was sentenced to 108 months' imprisonment and two years' supervised release. He filed a notice of appeal on August 26, 2022.

The United States Court of Appeals for the Eighth Circuit docketed movant's appeal on August 30, 2022, and set a briefing schedule. *United States v. Jawher*, No. 22-2844 (8th Cir. 2022). The appeal remains pending, with appellant's brief due on November 30, 2022.

Movant submitted the instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence on October 22, 2022. (Docket No. 1).

## Discussion

As set forth above, movant is a self-represented litigant who has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court has undertaken a preliminary review of movant's motion, pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts. Based on that review, the Court has determined that movant has filed a direct appeal of his underlying criminal case which is still pending. Therefore, the motion will be dismissed without prejudice.

### A. Movant Cannot File a 28 U.S.C. § 2255 Motion While His Direct Appeal Is Pending

"Ordinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from [a] conviction is pending." *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965) (per curiam). *See also Haynes v. Harris*, 344 F.2d 463, 466 (8th Cir. 1965) (explaining that when movant filed his § 2255 motion, his direct appeal was "presently pending before the Court of Appeals," and thus he was "not entitled to habeas corpus"). When a movant files a 28 U.S.C. § 2255 motion while the

direct appeal is pending, it is appropriate to dismiss the motion as prematurely filed. *See United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992) ("Because [movant] filed this [§ 2255] motion while his direct appeal was pending before this Court, the District Court properly dismissed the section 2255 motion as prematurely filed"); and *Blade v. United States*, 266 Fed. Appx. 499, 499 (8th Cir. 2008) ("While his direct appeal was pending, [movant] filed a 28 U.S.C. § 2255 motion…which was dismissed by the district court as being prematurely filed. This court summarily affirmed the dismissal but amended the dismissal to be without prejudice").

An exception to this general rule exists for cases in which there are "extraordinary circumstances." *See United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) ("[A] district court should not consider a § 2255 motion while a direct appeal is pending, absent extraordinary circumstances"); and *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("[W]e now adopt the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal"). *See also* Adv. Comm. Notes to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts (stating "that the orderly administration of criminal law precludes considering…a [§ 2255] motion [during direct appeal] absent extraordinary circumstances"). "Whether extraordinary circumstances exist is a question the answer to which depends upon the need for speedy relief against the need for conservation of judicial resources." *Brown v. United States*, 2022 WL 2290453, at *1 (E.D. Mo. 2022) (quoting *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979).

In this case, movant filed a direct appeal from the Court's August 12, 2022 amended judgment. The appeal has been docketed, a briefing schedule issued, and the deadline for appellant's opening brief set for November 30, 2022. In other words, the appeal remains pending

before the United States Court of Appeals for the Eighth Circuit. As such, the instant 28 U.S.C. § 2255 motion related to that judgment is subject to dismissal absent extraordinary circumstances. Here, movant has not presented any extraordinary circumstances demonstrating the need for speedy relief. Therefore, the motion will be dismissed without prejudice as premature. *See* Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion").

## B. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a proceeding under section 2255"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

4

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this  1st day of  November,  2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE